UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR-08-50-B-W |
| | ) | |
| DANIEL POULIN | ) | |

**ORDER ON DEFENDANT'S MOTION FOR BILL OF PARTICULARS AND FOR A COPY OF EACH IMAGE UPON WHICH THIS PROSECUTION IS PREDICATED**

The Court denies the Defendant's motion for a bill of particulars, because the Indictment complies with Rule 7(c) requirements and the Government has adopted an "open file" stance on the Defendant's request for an itemization of the images upon which the Government's prosecution is based.

I.   STATEMENT OF FACTS

On March 12, 2008, a federal grand jury indicted Daniel Poulin for exploitation of a minor in violation of 18 U.S.C. § 2251(a). *Indictment* (Docket # 1). The Indictment states:

> That between a date unknown but no later than November 1, 2001, and continuing until no later than November 10, 2004, in the District of Maine, Defendant Daniel Poulin used a minor to engage in sexually explicit conduct for the purpose of producing visual depictions of that conduct. The visual depictions were produced using materials that had been mailed, shipped, and transported in interstate and foreign commerce. All in violation of Title 18, United States Code, Sections 2251(a) and (e).

*Id.* In his motion, Mr. Poulin contends that he is entitled to a more detailed description of the crime the Government has charged he committed. *Def.'s Mot. for Bill of Particulars and for a Copy of Each Item upon which this Prosecution is Predicated* (Docket # 27) (*Def.'s Mot.*). Specifically, he requests that the Government be ordered to identify "each *image* or readily-severable groups of images which the Prosecution intends to utilize as evidence against him at

trial herein – as well as (to the undersigned counsel) a copy of each image upon which this prosecution is predicated." *Id.* at 1 (emphasis in original). The Government objects. *Mem. in Opp'n to Def.'s Mot. for Bill of Particulars* (Docket # 35) (*Gov't's Opp'n*).

## II. DISCUSSION

Rule 7(c) governs the nature and contents of an indictment. Fed. R. Crim. P. 7(c). It requires the indictment be "a plain, concise, and definite written statement of the essential facts constituting the offense charged." *Id.* In general, an indictment is sufficiently particular "if it elucidates the elements of the crime, enlightens a defendant as to the nature of the charge against which she must defend, and enables her to plead double jeopardy in bar of future prosecutions for the same offense." *United States v. Sepulveda*, 15 F.3d 1161, 1192 (1st Cir. 1993); *see Hamling v. United States*, 418 U.S. 87, 117 (1974). In *Hamling*, the Supreme Court wrote that it is "generally sufficient that an indictment set forth the offense in the words of the statute itself, as long as 'those words of themselves fully, directly, and expressly, without any uncertainty or ambiguity, set forth all the elements necessary to constitute the offence intended to be punished.'" *Hamling*, 418 U.S. at 117 (quoting *United States v. Carll*, 105 U.S. 611, 612 (1882)). The language of the statute may be used in a general description of the offense, but "'it must be accompanied with such a statement of the facts and circumstances as will inform the accused of the specific offence, coming under the general description, with which he is charged.'" *Id.* at 117-18 (quoting *United States v. Hess*, 124 U.S. 483, 487 (1888)).

Eclipsed by Rule 16 discovery requirements, motions for bills of particulars "are seldom employed in modern federal practice." *Sepulveda*, 15 F.3d at 1192. When bills of particulars are pursued, "they need only be granted if the accused, in the absence of a more detailed specification, will be disabled from preparing a defense, caught by unfair surprise at trial, or

hampered in seeking the shelter of the Double Jeopardy Clause." *Sepulveda*, 15 F.3d at 1192-93; *United States v. Paiva*, 892 F.2d 148, 154 (1st Cir. 1989). Whether to grant a motion for a bill of particulars "is left to the sound discretion of the district judge, whose decision will be reversed only for abuse of discretion." *United States v. Hallock*, 941 F.2d 36, 40 (1st Cir. 1991) (citation omitted); *United States v. Me. Lobstermen's Ass'n*, 160 F. Supp. 115, 121 (D. Me. 1957). In exercising its discretion, the trial court will often consider whether the defendant has demonstrated "actual prejudice" from the indictment's lack of specificity; namely, "specific evidence or witnesses that the lack of particularization prevented him from obtaining." *United States v. Arboleda*, 929 F.2d 858, 869 (1st Cir. 1991). An indictment that specifies the law that the defendant allegedly violated and "provides a temporal framework" in which certain conduct is alleged to have occurred is sufficient; "open-file" discovery may obviate the need for greater specificity. *Sepulveda*, 15 F.3d at 1192-93.

Here, the Indictment informs Mr. Poulin: (1) the date when the Government claims the crime began; (2) the date when it claims the crime ended; (3) the place – within the District of Maine – the Government claims he committed the crime; (4) the specific nature of the crime – using a minor to engage in sexually explicit conduct to produce a visual depiction of that conduct; (5) the interstate or foreign nexus the Government is claiming; (5) the statute under which he is being charged – 18 U.S.C. § 2251(a); and, (6) the penalty provision it contends applies – 18 U.S.C. § 2251(e).

By its very nature, the crime of sexual exploitation of a minor carries with it an unusual degree of specificity. To commit the crime, a defendant must be engaged in "producing" a "visual depiction" of a "minor" engaged in "sexually explicit conduct." 18 U.S.C. § 2251(a). Each of these terms has a very specific statutory definition, which is incorporated into the

Indictment. 18 U.S.C. § 2256(1), (2)(A), (3), (5). Once the language of the Indictment is expanded by its statutory definitions, the Defendant's claim that "[t]he Indictment's lack of specificity prejudices his ability to know what images this prosecution is predicated upon" becomes less plausible. *Def.'s Mot.* at 4.

Further, the Indictment informs the Defendant by what it does not allege. Section 2251(a) contains three potential jurisdictional criteria: (1) if the Defendant knows or has reason to know that the material will be transported or transmitted using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce or mailed; (2) if that visual depiction was produced or transmitted using materials that have been mailed, shipped, or transported in or affecting interstate or foreign commerce by any means, including by computer; and, (3) if such visual depiction has actually been transported or transmitted using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce or mailed. 18 U.S.C. § 2251(a). Here, the Indictment alleges only that "[t]he visual depictions were produced using materials that had been mailed, shipped and transported in interstate and foreign commerce." It does not allege either that Mr. Poulin knew or had reason to know that the images would be transmitted in interstate commerce or that they actually were transmitted in interstate commerce. The Indictment thereby focuses Mr. Poulin on the specific trigger the Government has alleged for the assertion of federal jurisdiction.

Mr. Poulin's main contention is that the Indictment does not list the offending images. He points to *United States v. Frabizio* for the proposition that "Bills of Particulars are the appropriate means for a criminal defendant to obtain pre-trial identification of the pornographic images at the heart of a child-pornography case." *Def.'s Mot.* at 4 (citing 459 F.3d 80 (1st Cir. 2006)). It is true that in *Frabizio*, in response to the defendant's motion for a bill of particulars,

the Government "identified nineteen specific images it intended to introduce at trial." *Frabizio*, 459 F.3d at 82. But, *Frabizio* does not say anything more about the bill of particulars in that case – for example, whether the Government responded voluntarily or by order – and the First Circuit neither states nor implies that a motion for a bill of particulars is an appropriate vehicle to compel the Government to identify specific pornographic images in a child pornography case.

Even if Mr. Poulin were correct in asserting that a bill of particulars could be used in this fashion, his argument is a difficult one to make in the circumstances of this case. Here, the Government has made no secret of what it is charging. In its memorandum, it says that Mr. Poulin "installed hidden cameras in the bathrooms of four different residences and, over the course of several years, videotaped his girlfriend's teenage daughter virtually every time she used the bathroom. A substantial percentage of the video images he produced is sexually explicit, focusing on the girl's genitals." *Gov't's Opp'n* at 2. The Government goes on to say:

> The total amount of seized footage is well in excess of 100 hours and is contained on nearly 75 DVDs, more than 30 mini-cassette tapes and the hard drive of a DVD recorder. Many of the DVDs contained video footage sorted into as many as 20 chapters each with names he had assigned. The amount of footage was staggering.

*Id.* Mr. Poulin's case is, therefore, unlike *Frabizio* where the Government could respond to the motion for a bill of particulars by itemizing nineteen images. Here, even if the Government listed the entire stock of seized footage, this would presumably not satisfy the Defendant, because, as the Government acknowledges, "footage of the victim drying off after a shower, taken from a camera installed behind the mirror at chest height, was not identified as actionable, even though the victim was naked. However, footage shot during the same bathroom visit from a camera mounted under a waist-high shelf, onto which the victim lifted her foot while drying

her leg, and which zoomed in on her genitals, was identified as actionable."[1] *Gov't's Opp'n* at 5. In the Court's view, the Government should not be required to respond to a motion for a bill of particulars by itemizing thousands of frames within hours of footage of numerous videotapes or DVDs.

Because a motion for bill of particulars is an awkward device for the relief the Defendant seeks, this does not mean that he is not entitled to know what he is being charged with and more specifically, which images the Government contends violate the law, even if the compilation of these images presents a challenge to the Government.  Here, in response to Mr. Poulin's legitimate demand, the Government asserts that the Defendant has been "the beneficiary of open file discovery.  Everything in the Government's possession that it is required to turn over as discovery – and many things that it is not – has been provided to Defendant.  In addition, on more than one occasion the Government has made every piece of evidence seized in the case – well over 150 items – available to Defendant and his attorney for inspection." *Gov't's Opp'n* at 2-3.

The Government has gone further.  After engaging in a painstaking review of the video footage, it prepared a "detailed spreadsheet of what it considered to be the actionable footage." *Id.* at 3.  The spreadsheet "lists[] for each segment of actionable footage:  (1) the evidence number . . . ;(2) a description of the item on which it appears; (3) all relevant external markings . . . relating to manufacture; (4) the internal chapter number (if appropriate); (5) the location of the house in which the footage was filmed; and (6) the time counter at the approximate beginning of the segment." *Id.*  If the Government's "open file" discovery policy has somehow failed to

---

[1] Presumably this is because the definition of "sexually explicit conduct" is defined in part as the "lascivious exhibition of the genitals or pubic area of any person."  18 U.S.C. § 2256(2)(A)(v).

comply with its obligations under Rule 16, the Defendant has the right to pursue this issue separately, but not through a motion for a bill of particulars.[2]

In sum, none of the policies underlying a more particular statement of the charge applies here. The Defendant has not claimed a double jeopardy problem, any issues regarding discovery have been substantially obviated by the Government's "open file" policy and, if any issues linger, can be separately addressed, and any claims of unfair surprise at trial, if they persist, can be dealt with at trial. Taken together, the Indictment's contents and the Government's open file policy comply with the law's requirements.[3]

### III.  CONCLUSION

The Court DENIES Defendant's Motion for Bill of Particulars and for a Copy of Each Image upon which this Prosecution is Predicated (Docket # 27).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 1st day of December, 2008

---

[2] Mr. Poulin separately filed a motion for discovery, seeking access to Execom recordings and asking for authorization to take pretrial depositions. *Mot. for Disc.* (Docket # 33).

[3] Finally, to order that the Government provide Mr. Poulin with a copy of each image upon which the prosecution is predicated would violate federal law. Section 3509(m) of title 18 prohibits the distribution of material that constitutes child pornography outside of "the care, custody, and control of either the Government or the court." 18 U.S.C. § 3509(m)(1). The law directs the court to deny "any request by the defendant to copy, photograph, duplicate, or otherwise reproduce any property or material that constitutes child pornography . . . so long as the Government makes the . . . material reasonably available to the defendant." *Id.* § 3509(m)(2)(A). The statute states that the Government satisfies its obligations if it provides the defendant with "ample opportunity for inspection, viewing, and examination at a Government facility of the . . . material by the defendant, his or her attorney, and any individual the defendant may seek to qualify to furnish expert testimony at trial." *Id.* § 3509(m)(2)(B). Courts have interpreted these provisions to be "consistent, if not coterminus, with due process." *United States v. Flinn*, 521 F. Supp. 2d 1097, 1101 (E.D. Cal. 2007) (collecting cases). Although Mr. Poulin contends that the Government has not made the materials "reasonably available" because, to view the materials, his lawyer must travel from Lewiston to Ellsworth, Maine where the materials are stored, he has failed to show that the Government has violated its obligations under this statute or that the statute itself is either inapplicable or unconstitutional. The statute prohibits the relief the Defendant requests.