UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR-08-50-B-W |
| | ) | |
| DANIEL POULIN | ) | |

**ORDER ON DEFENDANT'S MOTION FOR PRE-TRIAL RULINGS
REGARDING PORNOGRAPHIC CONTENT**

Charged with producing depictions of a child engaged in sexually explicit conduct, Daniel Poulin asks the Court to make a pre-trial determination that the images he is alleged to have produced are not pornographic, and should be excluded from evidence on that basis, and once the images are excluded, that the Government cannot sustain the charge against him. In response, the Government first contended that the Court should not engage in a pre-trial review of the allegedly pornographic images and, failing that argument, submitted four exemplar images under seal and urged the Court to refuse Mr. Poulin's request for exclusion. The Court concludes that a properly instructed jury could determine that the four exemplar images the Government submitted constitute visual depictions of "sexually explicit conduct" under 18 U.S.C. § 2256(2)(A). Concluding that some images the Government alleges the Defendant produced could meet the statutory standard, the Court declines to conclude that the Government cannot sustain its prosecution and further declines to rule on the trial admissibility of images not before it.

**I.      STATEMENT OF FACTS**

On March 12, 2008, a federal grand jury indicted Daniel Poulin for the sexual exploitation of a child in violation of 18 U.S.C. § 2251(a) by using a minor to engage in sexually explicit conduct for the purpose of producing visual depictions of that conduct. *Indictment*

(Docket # 1). Mr. Poulin says that the Government intends to present evidence that over a period of years, he surreptitiously videotaped his girlfriend's minor daughter in the family bathroom, "generally preparing to shower herself and toweling herself off after showering." *Def.'s Mot. for Pre-trial Rulings Regarding Pornographic Content* at 2 (Docket # 28) (*Def.'s Mot.*). Although a "small proportion of images (obtained from a camera secreted in a toilet) capture [the minor's] mother – an adult at all times relevant – urinating or placing or removing tampons," Mr. Poulin says none of these images is of the minor. *Id.* at 2-3. He says that the images do not depict any sexual activity as that term is commonly used, and as such the Court should rule that they are not sexually explicit and cannot sustain the prosecution. *Id.* at 1.

The Government objects. *Mem. in Opp'n to Def.'s Mot. for Pretrial Review of Pornography* (Docket # 39) (*Gov't's Opp'n*). The Government contends that any pre-trial review of the evidence would invade the fact-finding province of the jury. *Id.* at 1-4. Alternatively, the Government argues that if pre-trial review is permissible, the Court should conclude that a reasonable jury could find that the exemplar images are sexually explicit within the meaning of the statute and should deny the Defendant's motion. *Id.* at 4.

**II.   DISCUSSION**

    **A.   The Uncertain Nature of the Defendant's Motion**

Mr. Poulin's motion is styled: "Defendant's Motion for Pre-trial Rulings Regarding Pornographic Content." *Def.'s Mot.* The motion itself is brief, just over three pages, and suffers from imprecision. The basic premise of the motion – that the images are not pornographic – is straightforward enough. But, the Defendant asks the Court to make a Rule 104 determination of preliminary admissibility based on Rule 403 and then to conclude that the prosecution cannot be sustained. The motion, as framed, has earmarks of both a motion *in limine* and a motion to

dismiss or, more precisely, a motion to dismiss based on assumed success of a motion *in limine*.[1] The Defendant's imprecision has caused some judicial gyrations, since the law applies quite differently, depending on the form of the motion and the relief sought.

### B. Propriety of Pre-trial Review

The Government maintains that the Court should not review the images at all, because a motion to dismiss is not an appropriate vehicle to test the admissibility of evidence. The cases the Government cites stand for the familiar proposition that a court should generally consider only the allegations in the indictment in evaluating a motion to dismiss. *United States v. Salman*, 378 F.3d 1266 (11th Cir. 2004) (per curiam) (reversing the dismissal of an indictment where the trial court looked beyond the indictment's allegations and reached the merits of those allegations); *United States v. Anderson*, No. CR-07-112-BLG-RFC, slip op. at 2 (D. Mont. Jan. 17, 2008) (stating that "a motion to dismiss cannot be used as a device for a summary trial of the evidence; courts should not consider evidence not appearing on the face of the indictment"). These cases would be persuasive authority for denying Mr. Poulin's motion for pre-trial review had he framed it solely as a motion to dismiss. *United States v. Covington*, 395 U.S. 57, 60 (1969); *United States v. Russell*, 919 F.2d 795, 797 (1st Cir. 1990).

Criminal law does not have an analogue to the dispositive motion practice in civil law in which the sufficiency of the evidence to support a complaint's allegations can be tested pre-trial. Among other reasons for this distinction is that the sufficiency of the evidence for purposes of prosecution has already been established by the entity constitutionally empowered to make that

---

[1] Even this is unclear. It may be that the Defendant is seeking a pre-trial ruling of inadmissibility in anticipation of a later motion to dismiss. *Def.'s Mot.* at 1 (stating that "the Court's anticipated pre-trial determination that the subject images are not pornography and cannot sustain this prosecution shall result in the dismissal of this action"). The Court is uncertain whether the Defendant is now asking the Court to dismiss the Indictment, is saying that upon resolution of the motion, the Government should concede defeat and move to dismiss the Indictment, or is predicting that upon a favorable ruling, he will bring a separate motion and the Court will dismiss the Indictment.

determination: a grand jury. As the Court recently observed, the circumstances under which a court may consider evidence on a motion to dismiss in a criminal case are very limited. *Order on Def.'s Mots. to Dismiss Insofar as the Statute upon which the Indictment is Predicated is Unconstitutional as Applied Against Def. and Insofar as the Production of Private and Personal Video Images, not Intended for Distribution is Protected Under the First Amendment* at 4 (Docket # 48) (citing *United States v. Ferris*, 807 F.2d 269, 271 (1st Cir. 1986)). This case does not fit within the narrow range of exceptions.

But, Mr. Poulin's motion is not entirely framed as a motion to dismiss. Rather, he first asks the Court to make a pre-trial ruling regarding the admissibility of evidence under Rules 104(a), (b) and 403. *Def.'s Mot.* at 1; *see* Fed. R. Evid. 104, 403. He contends the images are not admissible because a jury could not find them to be sexually explicit. *Id.* at 1. Anticipating a favorable ruling, he expects that the Indictment will be dismissed, because once the images are deemed inadmissible, the Government will be unable to sustain its prosecution. *Id.*

The Government appears to argue that the trial court should not issue a pre-trial ruling on admissibility. It notes that the First Circuit has "registered concern" about pre-trial rulings in child pornography cases, even pursuant to the Federal Rules of Evidence. *Gov't's Opp'n* at 2-4 (citing *United States v. Frabizio*, 459 F.3d 80 (1st Cir. 2006)). In *Frabizio*, the Government appealed a pre-trial ruling that excluded as inadmissible some allegedly pornographic images that the district judge decided did not depict "sexually explicit conduct" as the applicable statute defines it. *Frabizio*, 459 F.3d at 82. In conducting its review pursuant to Rule 104(a), the district judge had applied the so-called "*Dost* factors" to determine whether the images satisfied

the statutory standard. *Id.* at 83 (citing *United States v. Dost*, 636 F. Supp. 828, 832 (S.D. Cal. 1986)).[2]

On interlocutory appeal, although the First Circuit explained that the trial court should not have applied the *Dost* factors in derogation of the terms of the statute, *id.* at 86-90, the court did not decide that pre-trial review of the images was inappropriate. *Id.* at 83 n.5. Rather, the court clarified that the statutory definition of sexually explicit conduct—applicable to conduct allegedly depicted in both *Frabizio* and Mr. Poulin's case—is "lascivious exhibition of the genitals or pubic area." 18 U.S.C. § 2256(2)(A)(v). *Frabizio* emphasized that this "statutory standard needs no adornment," *Frabizio*, 459 F.3d at 85, and found fault with the trial court's application of the six *Dost* factors "in a way that accorded to them the same status as the statutory definition itself." *Id.* at 87. *Frabizio* made clear that it was not holding "that the *Dost* factors may never be used[, but rather] . . . that they are not the equivalent of the statutory standard of 'lascivious exhibition' and are not to be used to limit the statutory standard." *Id.* at 90.

The Court does not view *Frabizio* as eliminating the trial court's gate-keeping function under Rule 104 in child pornography cases. *See, e.g.*, *United States v. Dean*, 135 F. Supp. 2d 207, 211 (D. Me. 2001); Fed. R. Evid. 104. In performing this function, however, the Court must be guided by both (1) the principle that "[g]enerally, a grand jury indictment definitively

---

[2] The First Circuit has described the *Dost* factors as follows:
> (1) whether the genitals or pubic area are the focal point of the image; (2) whether the setting of the image is sexually suggestive (i.e., a location generally associated with sexual activity); (3) whether the child is depicted in an unnatural pose or inappropriate attire considering her age; (4) whether the child is fully or partially clothed, or nude; (5) whether the image suggests sexual coyness or willingness to engage in sexual activity; and (6) whether the image is intended or designed to elicit a sexual response in the viewer.

*United States v. Amirault*, 173 F.3d 28, 31 (1st Cir. 1999) (citing *Dost*, 636 F. Supp. at 832). Although the court in *Amirault* "gave a qualified endorsement" of the *Dost* factors in the context of applying a sentencing enhancement for trafficking in material involving the sexual exploitation of a minor, *Frabizio*, 495 F.3d at 87, the court observed that the lascivious inquiry "will always be case-specific." *Amirault*, 173 F.3d at 32.

establishes probable cause," *Gonzalez-Rucci v. United States INS*, 405 F.3d 45, 49 (1st Cir. 2005); and (2) the admonition that it is "'up to the *jury* to determine whether the images . . . constitute visual depictions of sexually explicit conduct.'" *United States v. Wilder*, 526 F.3d 1, 12 (1st Cir. 2008) (quoting *Frabizio*, 459 F.3d at 85) (emphasis and alteration in original). The Court does not interpret these caveats to diminish Mr. Poulin's right to challenge before or during trial the admissibility of the Government's evidence, simply because he has been charged with production of child pornography.[3]

### C. Admissibility of the Images

This leads to the final issue: whether the exemplar images are admissible. The Indictment charges Mr. Poulin with using a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct. Among other activities, sexually explicit conduct "means actual or simulated . . . lascivious exhibition of the genitals or pubic area of any person." 18 U.S.C. § 2256(2)(A)(v). Mr. Poulin claims that because no reasonable jury could find that any of the images meet this definition, the Court should review and exclude all of them. *Def.'s Mot.* at 3-4.

The Court refuses Mr. Poulin's request. First, the Court viewed the four sealed exemplar photographs the Government attached to its response to the Defendant's motion. The Government says these images are "screen captures from the video footage seized from Defendant," and are "representative of the type of footage the Government has identified as actionable in this case and would introduce – in video format – at trial." *Gov't's Opp'n* at 4. The Court determines that the Government's proffer adequately rebuts Mr. Poulin's contentions

---

[3] Examples of evidentiary issues that may be determined by pretrial ruling are: whether the images are relevant, whether they are so numerous that cumulative evidence considerations substantially outweigh their probative value, and whether they fall so far short of the statutory definition of lascivious exhibitions that their admission would be unfairly prejudicial. *See Dean*, 135 F. Supp. 2d at 211.

that the images on which this prosecution is based are mere depictions of a minor "in varying degrees of nudity," *Def.'s Mot.* at 2, and the Court refuses to grant the relief he seeks.[4]

Second, and more importantly, the Defendant moved to exclude "all of the involved images" and the Government responded with only four still images from a video, and acknowledged that it is the video, not the images, that it will seek to introduce into evidence. *Def.'s Mot.* at 1; *Gov't Opp'n* at 4. Mr. Poulin filed his motion before the Government submitted these four images, and he has not responded with an evidentiary objection specific to these four still captures. Because these images are not in the evidentiary format in which they will be presented at trial, the Court is not in a position to assess their admissibility under Rules 104 and 403, and declines to issue an anticipatory ruling.

### III.  CONCLUSION

The Court DENIES the Defendant's Motion for Pre-trial Rulings Regarding Pornographic Content (Docket # 28) to the extent it is based on the premise that the Government cannot produce any evidence that meets the statutory definition of "sexually explicit conduct"; the Court DISMISSES the Defendant's Motion to the extent it seeks a pre-trial ruling regarding the admissibility of this evidence.

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 8th day of December, 2008

---

[4] Moreover, the Court remains chary about responding to the Defendant's invitation to rule the images (or a video containing frames of the images) inadmissible as a matter of law. For the reasons well expressed in *Frabizio*, by concluding the images are not pornographic, the Court could improperly usurp the jury's function by removing this decision from the constitutionally-charged factfinder. At the same time, the Court is well satisfied that this compunction does not apply here, since the Defendant failed to demonstrate these images are inadmissible as a matter of law. In other words, a jury could conclude that the images constitute the depiction of "sexually explicit conduct" within the statutory definition. Whether, once a jury assesses the Government's evidence, it will determine that Mr. Poulin used a minor to engage in sexually explicit conduct to produce a visual depiction of that conduct is a matter for jury resolution.