UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR-08-50-B-W |
| | ) | |
| DANIEL POULIN | ) | |

**ORDER ON MOTION *IN LIMINE* SEEKING EXCLUSION OF WORK PRODUCT, OPINIONS AND MATERIALS DERIVED FROM OR ASSOCIATED WITH THE MAINE COMPUTER CRIMES LAB**

On May 28, 2009, Daniel Poulin moved to exclude the work product, opinions, and materials derived from the Maine Computer Crimes Lab. *Mot.* in Limine *Seeking Exclusion of Work Product, Opinions, and Materials Derived From or Associated with the Maine Computer Crimes Lab* (Docket # 132) (*Def.'s Mot.*). The Government opposed the motion. *Gov't's Mem. in Opp'n to Def.'s Mot.* in Limine *Re: Computer Crimes Unit* (Docket # 143) (*Gov't's Mem.*). The Defendant replied. *Reply of Def. Poulin to Gov't's Opp'n Respecting Mot.* in Limine *Seeking Exclusion of Work Product, Opinions and Materials Derived From or Associated with the Maine Computer Crimes Lab* (Docket # 149) (*Def.'s Reply*).

Mr. Poulin says that the Maine State Police Computer Crimes Unit committed a number of significant errors in its evaluation of the personal property, including computers, seized from his living quarters. He demands two forms of relief: (1) he asks for a court order excluding from trial "any and all work product, findings, opinions or determinations, of any nature whatsoever in this case, derived from the work of the Maine Computer Crimes Lab"; and, (2) he asks that the Indictment be dismissed, and that all materials which entered the Computer Crimes Lab's possession be excluded from trial. *Def.'s Mot.* at 1-2.

Mr. Poulin concedes that the Government already agreed to his first demand, but argues that the Government's concession is "not sufficient here," and he asks for more significant sanctions. *Id.* at 1-2. In response, the Government reiterates its agreement not to seek to admit into evidence at trial "any evidence derived from the Computer Crime Unit's forensic examination of the digital storage capacity of the pieces of evidence that came into its possession." *Gov't's Mem.* at 2. It says that to go farther and exclude "the physical pieces of evidence that [the Defendant] identified as related to his surreptitious filming of the victim and voluntarily turned over to police would result in an evidentiary windfall that is not justified on the record." *Id.* at 2-3. The Government affirms that it "will not be introducing *any* evidence about what was digitally stored on the evidence examined by the Computer Crimes Unit." *Id.* at 2. The Defendant replies that "[s]o long as that concession is deemed to extend to all evidence over which the Computer Crimes Lab ever obtained possession, custody or control during any period of the investigation in this matter, this concession is acceptable to Defendant Poulin." *Def.'s Reply* at 2.

Regarding the first issue, the Court approves the Government's concession that evidence derived from the Maine Computer Crimes Lab's forensic examination may not be introduced in its case-in-chief. Regarding the second, the Court rejects Mr. Poulin's demand that the exclusion extend to "any materials (including computers, hard drives, disks or any components or any of the foregoing) which ever entered within the possession, custody or control of the said Lab." *Def.'s Proposed Language Regarding Pending Mot.* in Limine *To Exclude Computer Crimes Lab Work Product, Etc.* at 1 (Docket # 156). Based on the record before it, the Court has no basis to conclude that the mere passage of physical evidence through the Maine Computer Crimes Lab corrupted the accuracy of later forensic examinations performed on the evidence by

other agencies. At trial, Mr. Poulin is free to attempt to demonstrate that there is a connection between the problems at the Maine Computer Crimes Lab and the evidence the Government seeks to admit, but the Court will not order the wholesale exclusion of evidence before that connection has been shown.

The Court GRANTS in part the Defendant's Motion *in Limine* Seeking Exclusion of Work Product, Opinions, and Materials Derived From or Associated with the Maine Computer Crimes Lab (Docket # 132). The Court ORDERS:

> The Government shall not introduce, in its case-in-chief at trial, any findings, determinations, reports or other work product that the Maine State Police Computer Crimes Unit generated from its forensic review of evidence seized from Defendant in this case.

To the extend Mr. Poulin seeks additional relief, the Court DENIES the Defendant's Motion *in Limine* Seeking Exclusion of Work Product, Opinions, and Materials Derived From or Associated with the Maine Computer Crimes Lab (Docket # 132).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
CHIEF UNITED STATES DISTRICT JUDGE

Dated this 24th day of August, 2009