UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | 1:08-cr-00050-JAW |
| | ) | |
| DANIEL POULIN | ) | |

**ORDER DENYING MOTION FOR RECONSIDERATION**

A defendant moves for reconsideration of an Order transferring him from state of Maine prison to the custody of the Bureau of Prisons (BOP). He seeks an order allowing him to remain in Maine state prison while his new counsel prepares a *habeas* petition. The Court denies the motion, concluding that it does not have authority to designate the place of imprisonment and, in any event, would not do so.

**I.    FACTS**

On April 14, 2010, the Court granted Daniel Poulin's motion for a writ to transfer him to a BOP-qualified facility in the state of Maine pending appeal. *Order on Mot. for Writ* (Docket # 202). The main reason for the Defendant's motion was to allow him to assist his attorney in preparing his appeal. The Government indicated it had no objection and the Court issued the Order. *Id.* at 1; *Government's Mem. in Response to Def.'s Mot. for Writ* at 1 (Docket # 201). On November 15, 2010, the United States moved to return Mr. Poulin to a BOP facility. *Mot. to Transfer Def. to BOP* (Docket # 203). On December 21, 2010, the Court granted the Government's motion to transfer. *Order Granting United States' Mot. to Transfer Def. to the BOP* (Docket # 206) (*Order*). Mr. Poulin had been held in the state of Maine to consult

with his attorney; however, as the oral argument had taken place on his appeal, he no longer needed to do so. *Order* at 2. The Court noted:

> In view of the substantial expense to the United States Marshal, the desirability of housing federal prisoners in federal prisons, the inability of current defense counsel to represent Mr. Poulin on his contemplated *habeas* petition, and the demonstrated ability of *habeas* counsel and inmates acting *pro se* to file and prosecute *habeas* petitions, the Court agrees with the Government that Mr. Poulin should be serving his federal term of imprisonment in a federal prison.

*Id.* at 1-2. On January 7, 2011, the First Circuit issued a decision on Mr. Poulin's appeal, denying it, and thereby obviating any argument that Mr. Poulin still needs to be in Maine in connection with his direct appeal. *United States v. Poulin*, No. 10-1126, 2011 U.S. App. LEXIS 452, at *15 (1st Cir. Jan. 7, 2011).

On December 28, 2010, Mr. Poulin moved for reconsideration of the Order. *Def.'s Mot. for Recons.* (Docket # 208). Mr. Poulin seeks reconsideration on the ground that he is planning to pursue a *habeas* petition and has retained Maine-based attorney Lynne Williams to represent him in the preparation and filing of the petition. *Def.'s Mot. for Recons.* at 2. Mr. Poulin says that he needs access to his voluminous file, which is held by his trial and appellate counsel, Attorney David Van Dyke, and that he needs to be able to consult with Attorney Williams in person. *Id.* at 3-4. Relying on the fundamental nature of his right to petition for *habeas*, Mr. Poulin urges the Court to reconsider its earlier Order authorizing his transfer to a federal correctional institution. *Id.* at 4.

The Government objects. *Mem. in Opp'n to Def.'s Mot. for Recons.* at 1 (Docket # 212); *First Am. Mem. in Opp'n to Def.'s Mot for Recons.* (Docket # 214) (*Gov't's Opp'n*). The Government says it is aware of "no precedent requiring a

2

defendant to be physically present for consultations with counsel after he has been convicted and sentenced." *Gov't's Opp'n.* at 1. It points out that a "creative defendant" could serve his entire sentence locally by filing repetitive post-conviction requests. *Id.* The Government notes that Mr. Poulin's case file is in Maine and therefore his *habeas* counsel should have physical access to it. *Id.* at 1-2. Finally, the Government informs the Court that Mr. Poulin has already been designated to a federal institution and is en route. *Id.* at 2.

## II. DISCUSSION

The premise of Mr. Poulin's motion for reconsideration is that the Court has the authority to order the BOP to transfer inmates around the prison system. As a general proposition, this is questionable. Once a prisoner is sentenced, he is by law "committed to the custody of the [BOP]." 18 U.S.C. § 3621(a). Federal law gives the BOP, not this Court, the authority to "designate the place of the prisoner's imprisonment." 18 U.S.C. § 3621(b); *accord United States v. James*, 244 F. Supp. 2d 817, 820 (D. Mich. 2003) (responding to a motion to enjoin the BOP from transferring a prisoner, and explaining, "§ 3621(b) precludes the Court from interfering with such discretionary determinations of the BOP"). The sentencing judge is allowed to make certain recommendations, but these need only be considered by the BOP and are not binding. *See* 18 U.S.C. § 3621(b)(4)(B).

It is true that the Court previously ordered the BOP to place Mr. Poulin in Maine pending his direct appeal; however, the Court issued that Order with the Government's consent. In fact, the Government agreed to a placement in the state of Maine conditioned upon the issuance of an Order to that effect. Now, however,

the Government opposes the motion and the Court is dubious that, absent unusual circumstances, the Court could grant Mr. Poulin the relief he is requesting over the Government's objection. *See United States v. Lazo-Herrera*, 927 F. Supp. 1472, 1473 (D. Kan. 1996) (stating that the court is "without jurisdiction to order the defendant's transfer").

Even assuming arguendo that it has the authority to order Mr. Poulin's continued custody in Maine state prison, the Court would not do so. Mr. Poulin is not the only federal inmate who is assisting his post-trial attorney in the preparation of a *habeas* petition, and it would be difficult to distinguish his case from the thousands of other similar cases throughout the nation. Moreover, there is no telling how long Mr. Poulin will need to complete his *habeas* petition and how long, therefore, the BOP would be required to keep him in Maine state prison. As the Government has pointed out, if the preparation of a *habeas* petition trumped the BOP's right to designate a defendant to a particular institution, it would be the defendant, not the BOP, who would effectively designate himself, a result not contemplated by federal law. *See Gov't's Opp'n* at 1.

Furthermore, there is little in the motion that gives the Court a basis to conclude that Mr. Poulin's physical presence in Maine is necessary for Attorney Williams to adequately represent him. Regardless of where Mr. Poulin is incarcerated, Attorney Williams must have access to the docket entries and trial transcript, and Mr. Poulin's file is held by his trial attorney in Maine.

4

Even though occasionally fact-based, *habeas* issues remain questions of law, thereby limiting Mr. Poulin's role in the preparation of the petition. Nonetheless, there is no suggestion that Mr. Poulin is being held incommunicado, and Attorney Williams should be able to communicate with her client either by mail or telephone. Although this is not as optimal as a personal conference, she should still have sufficient access to him to adequately represent him. In any event, it was Mr. Poulin's decision to retain a Maine-based attorney and the United States BOP cannot be expected to relocate a federal prisoner to the state where his *habeas* attorney resides to satisfy his attorney's demand for physical access to her client.

Finally, the Court has observed that a federal convict generally belongs in a federal prison. Although it is true in this case that the federal government has paid significant amounts to house Mr. Poulin in state of Maine jail pending his appeal, the preference for federal custody is not simply a matter of economy; federal prisons allow prisoners access to BOP education, vocational, and other programs. *See* 18 U.S.C. § 3553(a)(2)(D). In Mr. Poulin's case, for example, the Court recommended that Mr. Poulin be placed in a BOP facility that can provide sex offender treatment. *J.* at 2 (Docket # 190). It would be better for all if treatment were available to Mr. Poulin sooner than later.

Thus, the Court concludes that it does not have the authority to order the BOP to house Daniel Poulin in the state of Maine and if it does, it would not exercise it in this case.

## III. CONCLUSION

The Court DENIES Daniel Poulin's Motion for Reconsideration (Docket # 208).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
CHIEF UNITED STATES DISTRICT JUDGE

Dated this 24th day of January, 2011