UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

DANIEL POULIN,                        )
                                      )
                Petitioner,           )
                                      )
        v.                            )          1:08-cr-00050-JAW
                                      )
                                      )
UNITED STATES OF AMERICA,             )
                                      )
                Respondent            )

## RECOMMENDED DECISION ON RULE 60(b) MOTION

Citing Fed. R. Civ. P. 60(b), Petitioner has filed a motion seeking relief from the Court's

order denying him relief under 28 U.S.C. § 2255.  (Motion, ECF No. 314.)  In its response to the

motion, the Government requests summary dismissal. (ECF No. 325.)

A review of the Petitioner's motion and the Government's request for dismissal reveals

that Petitioner's motion is a second or successive motion, pursuant to 28 U.S.C. § 2255, to vacate,

set aside or correct his sentence.  Accordingly, I recommend that the Court dismiss Petitioner's

motion.

## I.      FACTS AND PROCEDURAL HISTORY[1]

Following a jury-waived trial in 2009, the Court convicted Petitioner of production of child

pornography, pursuant to 18 U.S.C. § 2251(a), (e); the Court sentenced Petitioner in January 2010

to the statutory minimum term of 180 months in prison, followed by ten years of supervised

release.  (Minute Entry, ECF No. 184; Judgment, ECF No. 190 at 1-3.)  *United States v. Poulin*,

---

[1] The following is a summary of the facts and procedural history; greater detail is set forth in the Court's amended
order on Petitioner's prior motion under section 2255 (Amended Order, ECF No. 295) and the Court's order on
Petitioner's motion for reconsideration (Order, ECF No. 310).

2014 WL 293931, at *2; 2014 U.S. Dist. Lexis 5204, at *4 (D. Me. Jan. 27, 2014) (noting that Petitioner was sentenced to the statutory minimum term).

Petitioner appealed from the conviction.  On appeal, the First Circuit affirmed the judgment, concluding, contrary to Petitioner's arguments, that 18 U.S.C. § 2251(a) is constitutional as applied to Petitioner, and that the record contained sufficient evidence to support the Court's determination that Petitioner produced child pornography using materials that traveled in interstate commerce.  *United States v. Poulin*, 631 F.3d 17, 18 (1st Cir. 2011).

Petitioner filed his first section 2255 motion in April 2012, and the Court granted his motion for the appointment of counsel.  (First 28 U.S.C. § 2255 Motion, ECF No. 224; Order Granting Motion to Appoint Counsel, ECF No. 250.)  In January 2013, the Magistrate Judge issued a recommended decision in which she noted that Petitioner raised two claims, both for ineffective assistance of trial counsel.  (Recommended Decision, ECF No. 288 at 2.)  *Poulin*, 2014 WL 293931, at *9; 2013 U.S. Dist. Lexis 183691, at *2-3 (recommended decision).  In one of the claims, Petitioner alleged that counsel failed effectively to pursue charges of prosecutorial misconduct, including alleged *Brady* and *Giglio* violations,[2] the alleged manufacture of evidence, and alleged fraud upon the Court.  (*Id.*) 2014 WL 293931, at *9; 2013 U.S. Dist. Lexis 183691, at *2.  In the other claim, Petitioner asserted that counsel failed properly to object to and appeal from "the cumulative effect of multiple alleged errors related to ground one."  (*Id.*)  2014 WL 293931, at *9; 2013 U.S. Dist. Lexis 183691, at *2-3.  The Magistrate Judge recommended that the motion be denied.  (*Id.* at 1.)  2014 WL 293931, at *9; 2013 U.S. Dist. Lexis 183691, at *2.

Following a de novo review, the Court adopted the recommended decision and denied the Petitioner's motion for the reasons set forth in the recommended decision and the additional

---

[2] *Brady v. Maryland*, 373 U.S. 83 (1963); *Giglio v. United States*, 405 U.S. 150 (1972).

reasons set forth in the Court's amended order.  (Amended Order, ECF No. 295 at 17.)[3]  2014 WL 293931 at *8; 2014 U.S. Dist. Lexis 5204 at *23-24.  In January 2014, Petitioner filed a motion for reconsideration, which the Court denied in April 2014.  (Motion for Reconsideration, ECF No. 296; Order, ECF No. 310.)  *United States v. Poulin*, 2014 WL 1642269; 2014 U.S. Dist. Lexis 56987 (D. Me. Apr. 24, 2014).

In May 2015, Petitioner filed the pending Rule 60(b) motion.  (Motion, ECF No. 314.)  In the motion, Petitioner alleges errors in his first section 2255 proceeding, and he requests that the Court "reopen the habeas proceeding."  (*Id.* at 1-2.)  Petitioner claims a number of errors of both fact and law, including (1) that the Court relied on a case that is distinguishable (*id.* at 6-7); (2) that the Court failed to address a non-defaulted claim of ineffective assistance of appellate counsel (*id.* at 7-10); (3) that the Court erroneously decided its April 24, 2014, order on Petitioner's motion for reconsideration when "critical documents were missing from the record" (*id.* at 11-16); (4) that the Court mischaracterized Petitioner's claims and misstated the record (*id.* at 16-25); (5) that the Court erroneously "discounted sworn statements" that entitled Petitioner to an evidentiary hearing (*id.* at 25-36); (6) that the Court failed to address the prosecution's "malfeasance regarding known perjured testimony" (*id.* at 36-37); and (7) that the Court failed to address an inaccurate statement that the prosecutor told the Court "about the discovery, correction and origin disclosure of the government's falsified device connection" (*id.* at 37-38).

---

[3] In its order on Petitioner's motion for reconsideration, the Court explained that in its amended order on Petitioner's section 2255 motion, the Court had concluded that it "largely approved of the Recommended Decision" but wrote "separately to add detail regarding the application of the error and prejudice prongs" of *Strickland v. Washington*, 466 U.S. 668 (1984).  (Order, ECF No. 310 at 7.)  *United States v. Poulin*, 2014 WL 1642269, at *3; 2014 U.S. Dist. Lexis 56987, at *9 (D. Me. Apr. 24, 2014).

In June 2015, the First Circuit denied Petitioner's request for a certificate of appealability of Petitioner's first section 2255 motion. *Poulin v. United States*, No. 14-1221 (1st Cir. June 2, 2015). The First Circuit wrote:

> Essentially for the reasons explained by the district judge in the orders denying the 28 U.S.C. § 2255 petition and denying reconsideration, and by the magistrate judge in the recommended decision, the request for a certificate of appealabiltiy is <u>denied</u>. Given the government's reliance on extrinsic rather than electronic time stamps, none of which he now challenges, the only way the petitioner could plausibly have escaped conviction for the production of child pornography was through dismissal of the indictment. Even taken at face value, his allegations of government misconduct did not then and do not now debatably warrant so drastic a remedy.
>
> The appeal is <u>terminated</u>.

*Id.*

In July 2015, the Government moved for summary dismissal of Petitioner's Rule 60(b) motion on the following grounds: (1) the motion is in substance a second or successive petition subject to the gatekeeping requirements of 28 U.S.C. §§ 2244, 2255(h); (2) if the Court interprets the motion as a legitimate Rule 60(b) motion, the motion is untimely; and (3) Petitioner is not entitled to relief under Rule 60(b). (Response, ECF No. 325 at 3-9.)

In August 2015, the First Circuit denied Petitioner's request for a rehearing before the original panel and his request for a rehearing *en banc* on his first section 2255 motion. *Poulin*, No. 14-1221 (1st Cir. Aug. 6, 2015).

## II. DISCUSSION

Petitioner asserts that his motion is a "true" Rule 60(b) motion, and thus (by implication), is not a second or successive motion subject to the requirements of sections 2244 and 2255(h), and this Court may decide the motion. (Motion at 3.) Petitioner cites *Gonzalez v. Crosby*, 545 U.S. 524 (2005), among other cases, in support of his motion. (*Id.*)

Whether a filing is a section 2255 motion or a Rule 60(b) motion can be significant insofar as this Court lacks jurisdiction if the filing is a second or successive 2255 motion. A second or successive section 2255 petition must be certified by the appropriate circuit court to meet the statutory requirements for a second or successive petition before a district court may consider it. 28 U.S.C. § 2244, 2255(h). Section 2255(h) states:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain—
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

Title 28 U.S.C. § 2244(b)(3)(A) states: "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." *See also* First Circuit Local Rule 22.1. The First Circuit has held: "We have interpreted [section 2255(h)] as 'stripping the district court of jurisdiction over a second or successive habeas petition unless and until the court of appeals has decreed that it may go forward.'" *Trenkler,* 536 F.3d at 96 (quoting *Pratt v. United States,* 129 F.3d 54, 57 (1st Cir.1997)).

In *Gonzalez,* the Supreme Court distinguished between (1) a motion that is filed as a Rule 60(b) motion but that is, in substance, a second or successive habeas motion subject to gatekeeping requirements; and (2) a motion that is properly brought as a Rule 60(b) motion. *Id.* at 530-32.[4]

---

[4] *Gonzalez v. Crosby,* 545 U.S. 524, 529 n.3 (2005), concerned a petition under 28 U.S.C. § 2254, "which governs federal habeas relief for prisoners convicted in state court," and the Supreme Court noted that its consideration was limited to section 2254 cases. In a case that preceded *Gonzalez,* the First Circuit held that the same reasoning that enables a court to distinguish between a Rule 60(b) motion and a second or successive section 2254 petition also applies to cases under 28 U.S.C. § 2255. *See Munoz v. United States,* 331 F.3d 151, 152 (1st Cir. 2003) (per curiam), *cited with approval in United States v. Sevilla-Oyola,* 770 F.3d 1, 12 (1st Cir. 2014); *see also Curry v. United States,*

A motion that is filed as a Rule 60(b) motion but claims that a "habeas petition had omitted a claim of constitutional error," requests leave to present "newly discovered evidence," or asserts an argument based on a "change in substantive law," is in substance a habeas petition "and should be treated accordingly."  *Id.* at 531 (quotation marks omitted).  In *Munoz v. United States*, 331 F.3d 151 (1st Cir. 2003) (per curiam), the First Circuit held

> that a motion made under Rule 60(b) of the Federal Rules of Civil Procedure for relief from a judgment previously entered in a section 2255 case "should be treated as a second or successive habeas petition if—and only if—the factual predicate set forth in support of the motion constitutes a direct challenge to the constitutionality of the underlying conviction." If, however, "the factual predicate set forth in support of the motion attacks only the manner in which the earlier habeas judgment has been procured[,] the motion may be adjudicated under the jurisprudence of Rule 60(b)."

*Id.* at 152-53 (quoting *Rodwell v. Pepe*, 324 F.3d 66, 67 (1st Cir. 2003)); *see also Curry v. United States*, 507 F.3d 603, 604 (7th Cir. 2007) (citing *Gonzalez*, 545 U.S. at 530-32) ("Often a prisoner will file a motion under Rule 60(b) of the civil rules, that is, a motion to reconsider a judgment, but the ground of the motion and the relief he seeks will mark the motion as functionally a petition for habeas corpus or a motion under section 2255, because it challenges the legality of his detention and seeks his release.  If so, it will be treated as such.").[5]  "'[A]ny motion filed in the district court that imposed the sentence, and substantively within the scope of § [2255], *is* a motion under §

---

507 F.3d 603, 604 (7th Cir. 2007) (applying *Gonzalez* to a motion that was filed as a Rule 60(b) motion but that was in substance a successive section 2255 motion).

[5] In *Munoz* and *Curry*, the First and Seventh Circuits, respectively, handled the procedure on appeal somewhat differently.  In *Munoz*, the First Circuit noted that the district court had denied the petitioner's Rule 60(b) motion, and the First Circuit held that the petitioner's Rule 60(b) motion must be considered a second or successive petition over which the district court lacked jurisdiction.  The First Circuit held:  "[T]he district court appropriately rejected the petitioner's Rule 60(b) motion.  For our part, we reject the misplaced effort to secure a [certificate of appealability] and terminate the phantom appeal."  *Munoz*, 331 F.3d at 153.  In *Curry*, the district court had similarly denied the petitioner's Rule 60(b) motion, and the Seventh Circuit similarly held that the motion was in substance a successive section 2255 motion over which the district court lacked jurisdiction.  *Curry*, 507 F.3d at 605.  In *Curry*, however, the Seventh Circuit vacated the decision "with instructions to dismiss the motion for want of jurisdiction."  *Id.*  In *Curry*, the Seventh Circuit noted *Munoz* among several cases in which courts of appeal had addressed the appellate procedural issue in a variety of ways.  *Id.* at 603-04.

2255, no matter what title the prisoner plasters on the cover.'" *Trenkler v. United States,* 536 F.3d 85, 97 (1st Cir. 2008) (quoting *Melton v. United States,* 359 F.3d 855, 857 (7th Cir. 2004) (emphasis in original)).

On the other hand, a claim is properly filed under Rule 60(b) when it "attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings." *Gonzalez*, 545 U.S. at 532. The Supreme Court held:

> When no "claim" is presented, there is no basis for contending that the Rule 60(b) motion should be treated like a habeas corpus application. If neither the motion itself nor the federal judgment from which it seeks relief substantively addresses federal grounds for setting aside the movant's state conviction, allowing the motion to proceed as denominated creates no inconsistency with the habeas statute or rules. Petitioner's motion in the present case, which alleges that the federal courts misapplied the federal statute of limitations set out in § 2244(d), fits this description.

*Id.* at 533 (footnote omitted). In *Gonzales*, although the Court concluded that the petitioner's substantive claim lacked merit, the Court held that the petitioner's Rule 60(b) motion, which challenged the District Court's decision not to reach the merits of his section 2254 petition on statute of limitations grounds, was appropriate for determination as a Rule 60(b) motion and was not subject to precertification by the Court of Appeals. *Id.* at 538.

A motion can also be "mixed" because it contains claims cognizable under Rule 60(b) and claims that are subject to the requirements of a second or successive motion. *See United States v. McRae*, 793 F.3d 392, 394 (4th Cir. 2015). "This Court has made clear that '[w]hen [a] motion presents claims subject to the requirements for successive applications as well as claims cognizable under Rule 60(b), the district court should afford the applicant an opportunity to elect between deleting the improper claims or having the entire motion treated as a successive application.'" *Id.* at 400 (quoting *United States v. Winestock*, 340 F.3d 200, 207 (4th Cir. 2003)).

Petitioner's motion, however, does not contain both types of claims; rather, all of Petitioner's claims can be fairly characterized as claims that must be presented, if at all, in a second or successive section 2255 motion.  *See Gonzalez*, 545 U.S. at 530-32.  Although Petitioner asserts that his motion "attacks defects in the integrity of the habeas proceeding" (*id.* at 3), in fact, he seeks to reopen the habeas proceeding based on the Court's alleged errors in law and fact in its decisions to deny Petitioner relief on his section 2255 motion and on his motion for reconsideration. Because Petitioner's Rule 60(b) motion challenges the Court's section 2255 rulings, the motion is in substance a second or successive section 2255 motion.

The record lacks any evidence to suggest that Petitioner has obtained permission from the First Circuit to file a second or successive section 2255 motion.  Because the pending motion is in substance a second or successive section 2255 motion, and because Petitioner has not obtained permission to file the motion, this Court lacks jurisdiction to consider Petitioner's motion.

### III.   CONCLUSION

Based on the foregoing analysis, in accordance with the provisions of 28 U.S.C. §§ 2244, 2255(h), I recommend that the Court (1) dismiss Petitioner's motion (ECF No. 314), and (2) deny a certificate of appealability pursuant to Rule 11 of the Rules Governing Section 2255 Cases because there is no substantial showing of the denial of a constitutional right within the meaning of 28 U.S .C. § 2253(c)(2).

### NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 19th day of October, 2015.