UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| DANIEL POULIN, | ) | |
|---|---|---|
| Petitioner, | ) | |
| v. | ) | 1:08-cr-00050-JAW |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | |

**ORDER AFFIRMING RECOMMENDED DECISION**

After clarifying the circumstances surrounding certain sealed docket entries, the Court affirms the Magistrate Judge's recommended decision, transfers a prisoner's motion under 28 U.S.C. § 2255 pursuant to 28 U.S.C. § 1631 and First Circuit Rule 22.1(e), and denies any certificate of appealability.

**I.  BACKGROUND**

On September 14, 2009, this Court held a bench trial and issued a verdict finding Daniel Poulin guilty as charged of violating 18 U.S.C. § 2251(a), which prohibits the production of child pornography. *Min. Entry* (ECF No. 184). On January 27, 2010, the Court imposed on Mr. Poulin the mandatory minimum sentence of 180 months. *J.* (ECF No. 190); 18 U.S.C. § 2251(e). On January 28, 2010, Mr. Poulin appealed his conviction on two grounds: (1) that § 2251(a) was unconstitutional as applied to him because his conduct was purely personal and did not have a substantial effect on interstate commerce; and (2) that the Government's evidence was insufficient to sustain a conviction because the Government failed to

show that he "produced" sexually explicit images that traveled interstate. *United States v. Poulin*, 631 F.3d 17 (1st Cir. 2011); *Opinion of Ct. of Appeals for the First Circuit* at 1-2 (ECF No. 209). On January 7, 2011, the First Circuit Court of Appeals affirmed his conviction, *J. of Ct. of Appeals for the First Circuit* (ECF No. 210), and on January 28, 2011, the First Circuit issued its mandate. *Mandate of Ct. of Appeals for the First Circuit* (ECF No. 216).

On April 6, 2012, Mr. Poulin filed an extensive motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255. *Mot. Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Fed. Custody* (ECF No. 224). On April 16, 2013, the Magistrate Judge issued a recommended decision, recommending that the Court dismiss the petition. *Recommended Decision* at 29-30 (ECF No. 288). Mr. Poulin objected to the recommended decision on May 18, 2013. *Obj. to the Magistrate's Recommended Decision* (ECF No. 291). On January 15, 2014, this Court affirmed the recommended decision. *Order on Mot. Under 28 U.S.C. § 2255* at 17 (ECF No. 293); *Am. Order on Mot. Under 28 U.S.C. § 2255* (ECF No. 295). On February 18, 2014, Mr. Poulin moved for reconsideration. *Pet'r's Mot. for Recons.* (ECF No. 296). On April 24, 2014, this Court denied Mr. Poulin's motion for reconsideration. *Order on Mot. for Recons.* (ECF No. 310).

On May 1, 2015, Mr. Poulin filed a motion for relief pursuant to Rule 60(b). *Mot. Pursuant to Civil Rule 60(b)* (ECF No. 314). On October 19, 2015, the Magistrate Judge issued a recommended decision, recommending that the Court dismiss Mr. Poulin's petition as a second or successive motion under 18 U.S.C. § 2255.

2

*Recommended Decision on Rule 60(b) Mot.* (ECF No. 332). On November 6, 2015, Mr. Poulin objected to the recommended decision. *Obj. to Recommended Decision* (ECF No. 333). On January 29, 2016, the Court affirmed the Magistrate Judge's recommended decision. *Order Affirming the Recommended Decision of the Magistrate Judge* (ECF No. 336).

On February 29, 2016, Mr. Poulin filed a motion for reconsideration of the order affirming the Magistrate Judge's recommended decision. *Rule 60(b) Mot. for Recons.* (ECF No. 337). The Government responded to Mr. Poulin's motion for reconsideration on March 31, 2016. *Gov't's Resp. to Pet'r's Rule 59(e) and Rule 60(b) Mots. for Recons.* (ECF No. 342). Mr. Poulin replied on April 19, 2016. *Reply to Gov't's Resp. to Rule 59(e) Mot. to Reconsider* (ECF No. 344). On July 19, 2016, the Court issued an order, denying Mr. Poulin's motion for reconsideration. *Order on Mot. for Recons. of Order on Mot. Pursuant to Fed. R. of Civ. P. 60(b)* (ECF No. 347). On August 8, 2016, Mr. Poulin filed a notice of appeal to the Court of Appeals for the First Circuit. *Notice of Appeal* (ECF No. 348).

Meanwhile, Mr. Poulin filed a motion for recusal, demanding that this Judge recuse himself from any further proceedings on this case. *Mot. for Recusal* (ECF No. 339). The Court denied the motion for recusal on July 19, 2016. *Order on Mot. to Recuse* (ECF No. 346). When he appealed the denial of the motion for reconsideration, Mr. Poulin also appealed the recusal order. *Notice of Appeal* (ECF No. 348).

On October 27, 2017, the First Circuit Court of Appeals characterized Mr. Poulin's appeal as an application for a certificate of appealability and rejected it. *J.*

*of Ct. of Appeals for the First Circuit* (ECF No. 362). It also rejected his appeal of the denial of his motion to recuse. *Id.*

On August 14, 2017, Mr. Poulin filed a motion and supporting memorandum for a second in time under § 2255. *Supporting Mem. for a Second in Time Mot. Under § 2255(f)(4)* (ECF No. 353) (*Pet'r's Mot.*). On September 7, 2017, the Magistrate Judge issued a recommended decision in which he recommended that the motion be transferred to the Court of Appeals for the First Circuit pursuant to 28 U.S.C. § 1631 and First Circuit Rule 22.1(e). *Recommended Decision on 28 U.S.C. § 2255 Mot.* at 3 (ECF No. 360) (*Rec. Dec.*). The Magistrate Judge also recommended that the Court deny a certificate of appealability because there is no substantial showing of the denial of a constitutional right within the meaning of 28 U.S.C. § 2253(c)(2).[1] *Id.* at 3-4.

## II. DANIEL POULIN'S OBJECTION

On September 25, 2017, Mr. Poulin objected to the recommended decision. *Objs. to the Magistrate's Recommended Decision* (ECF No. 361). Mr. Poulin says that his § 2255 motion is not subject to the bar against second or successive § 2255 motions

---

[1] In his motion for leave to file, Mr. Poulin again demands that I recuse myself from his case. *Pet'r's Mot.* at 2. His renewed motion appears to be based on the supposedly secret, ex parte proceedings that I held in his case. As explained in this opinion, the only sealed and ex parte proceedings were those involving expert witness fees and his appointed attorney's fee. Those proceedings were sealed and ex parte in accordance with Judicial Conference policy in an effort to protect Mr. Poulin himself. Accordingly, there is no basis for me to recuse myself. To the extent Mr. Poulin is attempting to raise again his earlier demand for recusal, the Court refers to its Order dated July 19, 2016, which the First Circuit affirmed on October 27, 2017. *Order on Mot. to Recuse* (ECF No. 346); *J. of Ct. of Appeals for the First Circuit* (ECF No. 362). There is no reason to revisit those rulings, which are final. To the extent that Mr. Poulin is making a new motion for recusal embedded within his motion to allow a second or successive § 2255, the Court denies this motion since it is based on a fundamental misconception as to the nature of and reason for the sealed and ex parte docket entries.

4

because he filed his motion under § 2255(f)(4) based on a claim of newly-discovered evidence. *Id.* at 3. The so-called newly-discovered evidence is "(1) that there were secreted ex parte proceedings conducted against Movant while litigation was pending, and (2) the Court, or someone the Court is directly responsible for, concealed the sealed and ex parte proceedings from Movant and the First Circuit Court of Appeals." *Id.*

To understand Mr. Poulin's reference to secret, sealed, ex parte proceedings, it is necessary to return to his August 14, 2017 motion. Mr. Poulin noticed that four entries in his docket were sealed. *Pet'r's Mot.* at 7-9 (citing ECF Nos. 286-87, 292, 294). Mr. Poulin assumes the worst about these sealed entries. *Id.* at 7 ("Judge Woodcock was involved in secret EX PARTE communications with an unknown entity or third party").

### III. DISCUSSION

Even though this matter will shortly be transferred for resolution to the First Circuit, this Court takes this opportunity to clear up Mr. Poulin's misconception about these sealed entries, which this Court is ordering unsealed with this Order. As will be seen, contrary to Mr. Poulin's suspicions, there is nothing nefarious about these sealed entries.

The first sealed entry, ECF No. 286, is a Request and Authorization for Expert Services dated January 23, 2013 that Mr. Poulin's then attorney, Lynne Williams, filed on his behalf to obtain judicial permission to retain an outside expert in computer forensics. *CJA 21 Authorization and Voucher for Expert and Other Services*

(ECF No. 286). Attorney Williams requested up to $2,000 for the expert. *Id.* The second sealed entry, ECF No. 287, is the Magistrate Judge's order, denying the request for expert witness funds. *Order* (ECF No. 287).

The third sealed entry is another motion by Attorney Williams, this time for an interim payment of her attorney's fees. *Mot. for Interim Payment Under the Criminal Justice Act* (ECF No. 292). On January 15, 2014, the Court issued a seventeen-page order, *Order on Mot. Under 28 U.S.C. § 2255* (ECF No. 293), and on the same day, it issued the fourth sealed entry, mooting Attorney Williams' request for an interim payment because with the issuance of the final order, she was entitled to a final, not interim, payment. *Order Mooting Ex Parte Mot. for Interim Payment* (ECF No. 294).

The Clerk's Office sealed Attorney Williams' request for expert services and the order on the request pursuant to the Guide to Judiciary Policy, volume 7, § 310.30, which provides:

> *Ex parte* applications for services other than counsel under 18 U.S.C. § 3006A(e) must be heard in camera, and must not be revealed without the consent of the defendant. The application must be placed under seal until the final disposition of the case in the trial court, subject to further order of the court.

*Id.* The Guide explains that "[m]aintaining the secrecy of the application prevents the possibility that an open hearing may cause defendants to reveal their defense." *Id.* Thus, the secret, sealed, and ex parte nature of ECF Numbers 286 and 297 were made secret, sealed, and ex parte in an effort to protect Mr. Poulin. If Attorney Williams' motion and the order had been public, the Government would have been alerted to her defense strategy to Mr. Poulin's possible detriment. Nor were the

6

entries kept from Mr. Poulin's own counsel. In fact, she filed the motion and received the order.

Similarly, an attorney's fee application and the order such as found in ECF Numbers 292 and 294 are typically placed under seal because public notice of a defense lawyer's billing practices could "reasonably be expected to compromise defense strategies, investigative procedures, attorney work product, the attorney-client relationship or privileged information provided by the defendant or other sources." *Id.* § 510.30(c). There is a provision for interim payments to attorneys, *id.* § 310.60, which are also subject to being sealed.

In short, Mr. Poulin should be aware that each of these four sealed entries relates to an application to the Court by his own attorney, and the entries were sealed strictly in accordance with the provisions of the Judicial Guide in order to protect his rights. As they were filings by Mr. Poulin's own lawyer and orders on those filings, Mr. Poulin's attorney could have shared them with him, had she elected to do so.

Typically, the Clerk's Office removes the seal once the case is resolved at the district court level. Through inadvertence, that was not done. In this Order, the Court is ordering the Clerk's Office to unseal ECF Numbers 286-87, 292, and 294.

As regards the other matters in Mr. Poulin's motion and objection, the Court concludes they do not merit discussion.

The Court reviewed and considered the Magistrate Judge's recommended decision, together with the entire record and made a de novo determination of all matters adjudicated by the Magistrate Judge's recommended decision. The Court

7

concurs with the recommendations of the United States Magistrate Judge for the reasons set forth in his recommended decision and as further explained herein. The Court determines that no further proceeding is necessary.

## IV. CONCLUSION

The Court hereby TRANSFERS Daniel Poulin's Supporting Memorandum for a Second in Time Motion Under § 2255(f)(4) (ECF No. 353) to the Court of Appeals for the First Circuit. The Court DENIES Daniel Poulin's motion for a certificate of appealability should he elect to file one with this Court. The Court ORDERS the Clerk of Court to unseal ECF Numbers 287-88, 292, and 294. To the extent Mr. Poulin's motion contains a new motion for recusal, the Court DENIES that motion as well since it is based on fundamental misconceptions.

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 31st day of October, 2017